**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| DANIEL GENTRY | * | CIVIL ACTION |
| | * | |
| VERSUS | * | DOCKET NUMBER: 25-CV-01260 |
| | * | |
| CALVIN THOMPSON ET AL | * | SECTION: J |
| | * | |
| | * | HON. CARL J. BARBIER |
| | * | |
| | * | DIVISION: 3 |
| | * | |
| | * | HON. EVA J. DOSSIER |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF**
**DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A**
**CLAIM AND BASED ON QUALIFIED IMMUNITY**

NOW INTO COURT, through undersigned counsel, come Defendants the City of New Orleans, LaToya W. Cantrell, and NOPD officers Calvin Thompson, Kimera Woods, Perrin Gaines, Ernest Luster, J. Diaz, Christopher Jennings, Gary Lacabe, and Leonard Bendy (collectively, "City Defendants"), who respectfully submitted the following memorandum in support of their Motion, pursuant to Federal Rule of Civil Procedure 12(b)(6), for dismissal of Plaintiff's Complaint in its entirety.

Plaintiff's Complaint (R. Doc. 1) fails to state a plausible claim for relief under 42 U.S.C. § 1983 or state law and fails to overcome qualified immunity granted to law enforcement officers. As a matter of settled and controlling law, law enforcement officers have no constitutional duty to intervene in or protect private citizens from private disputes, and the City cannot be held liable absent a well-pleaded policy, custom, or deliberate indifference.

1

## I.       RULE 12(b)(6) STANDARD

To survive a Rule 12(b)(6) motion, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conclusory allegations, labels, and legal conclusions masquerading as facts are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In § 1983 cases, courts must also apply qualified-immunity principles at the pleading stage. *Pearson v. Callahan*, 555 U.S. 223, 231–32 (2009); *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) (en banc).

## II.      PLAINTIFF FAILS TO STATE A § 1983 CLAIM BASED ON A FAILURE TO INTERVENE OR PROTECT

### A.       Count One of Plaintiff's Complaint Fails Because it Fails to Allege a Constitutional Violation.

In Count One of the Complaint, Plaintiff alleges that NOPD Officers Thompson, Gaines, Diaz, and Luster failed to "act" or "document" or "intervene" in the private landlord–tenant dispute and interpersonal confrontation between Plaintiff and a non-party private citizen. Plaintiff alleges that NOPD officers were dispatched to maintain peace during execution-related issues surrounding a writ of possession and subsequent verbal confrontations. (R. Doc. 1, ¶¶ 15–40).

However, Plaintiff does not allege that any Defendant officer used force against him, detained him at the scene, or placed him in custody during the initial encounter. Instead, Plaintiff faults officers for allegedly failing to arrest or restrain a private individual and for declining to take sides in a volatile civil dispute. (R. Doc. 1, ¶¶ 40–41).

Federal courts in Louisiana have repeatedly held that NOPD officers have no constitutional obligation to intervene in or prevent private disputes absent custody or direct police action. In *Johnson v. City of New Orleans*, as applied by courts within the Eastern District of Louisiana, officers responding to a private altercation have no constitutional duty to protect one party from

another. See *Johnson v. City of New Orleans*, 2019 WL 3779572, at \*4 (E.D. La. Aug. 12, 2019) (dismissing failure-to-protect claims where officers responded to a private confrontation but did not restrain plaintiff).

The only circumstance in which a "failure to intervene" theory could support a Constitutional violation is where an officer witnesses another officer's use of excessive force and has a realistic opportunity to prevent it. However, that circumstance was not alleged in this case. Courts in the Eastern District of Louisiana consistently limit failure-to-intervene claims to this narrow context:

- *Joseph v. City of New Orleans*, 2018 WL 4054866, at \*6 (E.D. La. Aug. 24, 2018) (failure to intervene applies only when an officer witnesses excessive force by another officer);

- *Jones v. City of New Orleans*, 2017 WL 3549491, at \*5 (E.D. La. Aug. 18, 2017);

- *Harris v. City of New Orleans*, 2014 WL 4384143, at \*6 (E.D. La. Sept. 3, 2014).

Here, Plaintiff does not allege that any officer used force against him at the scene, nor that another officer observed unconstitutional conduct by a fellow officer and failed to stop it. Plaintiff instead alleges officers failed to prevent threats allegedly made by a private individual. This theory fails as a matter of law under controlling Louisiana federal precedent. Plaintiff's Count One should therefore be dismissed.

Further, Louisiana federal courts have repeatedly rejected attempts to expand the "state-created danger" doctrine. In *Doe v. Covington County*, the Fifth Circuit—binding on this Court—declined to adopt a broad state-created danger theory and emphasized that no constitutional duty exists absent custody or restraint. 675 F.3d 849, 865 n.50 (5th Cir. 2012) (en banc). More recently, Louisiana district courts have reaffirmed that position:

- *Hernandez v. City of New Orleans*, 2021 WL 6063234, at \*6 (E.D. La. Dec. 22, 2021);

3

- *Morris v. City of Opelousas*, 2020 WL 6876292, at \*5 (W.D. La. Nov. 23, 2020).

Plaintiff was never arrested, restrained, or otherwise deprived of liberty during the initial encounter. Plaintiff's own allegations establish that officers separated the parties and advised them to disengage precisely the type of discretionary peacekeeping conduct Louisiana courts hold does not trigger constitutional liability. Accordingly, Plaintiff fails to plead any viable constitutional violation.

**B.      Count Two fails because Plaintiff was arrested based on probable cause that supported a valid warrant.**

In his Count Two, Plaintiff alleges that the NOPD Defendants violated the Fourth Amendment because the warrant that resulted in his arrest contained "false statements and omissions that created a falsehood in the warrant affidavit." Complaint, R. Doc. 1, ¶ 102.y arrested him without probable cause.

In order to prevail on a Fourth Amendment false arrest claim, a plaintiff must demonstrate a lack of probable cause for her arrest. *Club Retro, L.L.C. v. Hilton*, 568 F. 3d 181, 208 (5th Cir. 2009); *see also Haggerty v. Tex. S. Univ.*, 391 F. 3d 653, 655 (5th Cir. 2004) ("To ultimately prevail on his section 1983 false arrest/false imprisonment claim, [Plaintiff] must show that [Defendant] did not have probable cause to arrest him."). The Supreme Court has defined "probable cause" as the "facts and circumstances within the officers' knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing in the circumstances show, that the suspect has committed, is committing, or is about to commit an offense." *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979) (defining probable cause to justify arrest).

Probable cause does not demand any showing that [the belief that an offense was committed] to be correct or more likely true than false. *Texas v. Brown*, 460 U.S. 730, 742 (1983). Rather, probable cause requires only "a probability or substantial chance of criminal activity, not

4

an actual showing of criminal activity." *Illinois v. Gates*, 462 U.S. 213, 243 n.13 (1983); *see also United States v. Antone*, 753 F. 2d 1301, 1304 (5th Cir. 1985) (the probable cause analysis requires only that we find a basis for an officer to believe to a "fair probability" that a violation occurred). Probable cause depends on the "totality of the circumstances" and is a "practical and common-sensical standard." *Florida v. Harris*, 568 U.S. 237, 244 (2013).

According to the Affidavit for Arrest Warrant attested to by Officer Thompson, which was attached to and made part of Plaintiff's Complaint, Officer Thompson swore that there was probable cause to arrest Plaintiff for the charge of Aggravated Assault. Officer Thompson based his finding of probable cause on the statement of a victim who reported that Plaintiff "pointed a black rifle at him" on one occasion, and on another occasion "pointed[ed] a black handgun at him." Complaint, R. Doc. 1, Ex. A, p. 17. The Affidavit is entitled to a presumption of validity, which Plaintiff's conclusory denials is insufficient to overcome. See *Franks v. Delaware*, 438 U.S. 154, 172 (1978) ("There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant."). The affidavit contains ample evidence to support a finding of probable cause. Plaintiff's Count Two therefore fails.

    **C.**    **Counts Three through Eight are precluded because the City Defendants are immunized from liability.**

Plaintiff, in Counts Three through Eight alleges various state-law causes of action arising from the City Defendants' law enforcement activities. The NOPD Defendants each invoke the defense of qualified immunity against the claims made against them in Plaintiff's Complaint.

To overcome a claim of qualified immunity, a plaintiff must demonstrate: "(1) that the official violated a statutory or constitutional right"; and (2) that the right was "clearly established" at the time of the challenged conduct. *Joseph v. City of New Orleans*, 22-1333, 2023 WL 3569122, *7 (E.D. La. May 18, 2023); see also *Jennings v. Patton*, 644 F.3d 297, 300 (5th Cir. 2011). When

5

a motion to dismiss is based on qualified immunity the plaintiff must plead facts "that, if true, would permit the inference that Defendants are liable under § 1983[,] and would overcome their qualified immunity defense." *Terwilliger v. Reyna*, 4 F.4th 270, 279-80 (5th Cir. 2021). The burden is on the plaintiff. *Id.* at 280 (citing *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009)).

Here, Plaintiff satisfies neither prong for any of their state-law claims. To the contrary, Louisiana federal courts have consistently held that officers responding to landlord–tenant disputes, domestic arguments, or neighborhood altercations do not violate clearly established law by declining to arrest or intervene absent probable cause:

- *Lewis v. City of New Orleans*, 415 F. Supp. 3d 608, 618–19 (E.D. La. 2019);

- *Jackson v. City of New Orleans*, 2016 WL 8679233, at *7 (E.D. La. Nov. 18, 2016);

- *Broussard v. Parish of Orleans*, 318 F. Supp. 3d 644, 654 (E.D. La. 2018).

No case from the Eastern or Western District of Louisiana holds that NOPD officers violate the Constitution by failing to arrest a private individual during a civil property dispute. Reasonable officers in Defendants' position would have understood their conduct to be lawful.

Here, Plaintiff impermissibly lumps multiple officers together without alleging specific acts by specific defendants. Such collective pleading is insufficient to overcome qualified immunity. Because Plaintiff fails to allege individualized conduct violating clearly established law, all individual-capacity claims must be dismissed with prejudice.

Even accepting Plaintiff's allegations as true, claims that officers failed to act, exercised poor judgment, or inadequately investigated a private dispute sound, at most, in negligence. Negligence is categorically insufficient to support § 1983 liability. *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998); *Daniels v. Williams*, 474 U.S. 327, 333–36 (1986). The Constitution

does not require police officers to arrest one party over another or to resolve civil disputes between private individuals. *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 768 (2005).

Further, Louisiana state law provides two separate immunity statutes that protect law enforcement officers in cases such as this. La. R.A. 9:2798.1 provides immunity to public entities' officers for their discretionary acts. La. R.S. 9:2793.11 codifies qualified immunity for law enforcement officers. These statutes provide immunity to the City Defendants for their actions in this case. Plaintiff's claims against the City Defendants should therefore be dismissed.

> **D.      In Count 10, Plaintiff's RICO claim fails because he cannot plausibly allege a conspiracy and does not allege any wrongdoing by Defendants.**

Plaintiff, in Count 10, alleges that the City Defendants violated the Racketeering Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968. The RICO statute, Section 1962(a), (b), and (c) sets forth certain substantive prohibited activities that will trigger liability if there is a "pattern of racketeering activity" or "collection of an unlawful debt." To constitute racketeering activity, the relevant conduct must consist of at least one of the indictable predicate acts listed in 18 U.S.C. § 1961. *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 495 (1985) (noting that "racketeering activity' consists of no more and no less than commission of a predicate act"). In the instant case, none of the Defendants are alleged to have committed a single indictable offense, let alone a pattern of offenses. To the contrary, the Defendants are alleged to merely have been conducting their law enforcement duties in a constitutional manner. This RICO claim fails and should be dismissed.

### VII. CONCLUSION

Plaintiff's Complaint rests on a legally defective premise: that police officers had a constitutional obligation to intervene in or resolve a private dispute. Binding Supreme Court and

Fifth Circuit precedent squarely reject that theory. Plaintiff fails to state a claim, fails to overcome qualified immunity, and fails to plead municipal liability.

**WHEREFORE**, Defendants respectfully request that the Court dismiss all claims against the City of New Orleans, LaToya W. Cantrell, and NOPD officers Calvin Thompson, Kimera Woods, Perrin Gaines, Ernest Luster, J. Diaz, Christopher Jennings, Gary Lacabe, and Leonard Bendy with prejudice, award costs, and grant all further relief to which Defendants are entitled.

Respectfully submitted:

*/s/ Jalen R. Harris*
**JALEN R. HARRIS, LSB #41073**
ASSISTANT CITY ATTORNEY
Jalen.harris@nola.gov
**JAMES M. ROQUEMORE, LSB #40035**
ASSISTANT CITY ATTORNEY
**CORWIN ST. RAYMOND, LSB #31330**
CHIEF DEPUTY CITY ATTORNEY
**CHARLINE GIPSON, LSB #32780**
CITY ATTORNEY
1300 PERDIDO STREET, SUITE 5E03
NEW ORLEANS, LOUISIANA 70112
TEL: (504) 658-9800
FACSIMILE: (504) 658-9868

*Counsel for Defendants*