UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DANIEL GENTRY                                    CIVIL ACTION

VERSUS                                           NO. 25-1260

CALVIN THOMPSON ET AL.                           SECTION: "J"(3)

## ORDER AND REASONS

On March 5, 2026, the Court ordered counsel for Defendants in the above-captioned matter, Jalen R. Harris, James M. Roquemore, Corwin St. Raymond, and Charline K. Gipson, to show cause why they should not be sanctioned for failure to comply with Federal Rule of Civil Procedure 11. Specifically, the brief that defense counsel signed and filed in support of their Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 16) contained nine nonexistent (i.e., "hallucinated") case citations. Harris, Roquemore, St. Raymond, and Gipson appeared before the Court on Thursday, March 19, 2026, at 9:30 a.m.

## FACTS AND PROCEDURAL BACKGROUND

On June 18, 2025, Plaintiff Daniel Gentry brought claims against the City of New Orleans, then-Mayor LaToya Cantrell, the New Orleans Police Department ("NOPD"), and individual NOPD officers (hereinafter "the City Defendants") for violations of his civil and constitutional rights and for tortious conduct. In January of 2026, the City Defendants filed a motion, along with a supporting memorandum, to dismiss Mr. Gentry's claims pursuant to Rule 12(b)(6) and based on qualified

1

immunity. (Rec. Doc. 16). When reviewing the motion, the Court realized that nine of the case citations Defendants provided in the supporting brief did not exist as cited and were likely "hallucinated" by artificial intelligence ("A.I."). On March 5, the Court issued an Order to Show Cause why defense counsel should not be sanctioned under Federal Rule of Civil Procedure 11. Between the time the Court issued the Order to Show Cause and the hearing date, defense counsel also moved for leave to file a substitute pleading to replace the brief that included hallucinated citations, in addition to responding to the Rule to Show Cause in writing. From the time they received the Order to Show Cause, the City Attorneys have taken full responsibility for the improper use of A.I. that led to the hallucinated case citations. On March 19, the attorneys for the City of New Orleans who had signed the motion, Jalen Harris, James Roquemore, Corwin St. Raymond, and Charline Gipson, appeared before the Court for the Show Cause hearing.

**LEGAL STANDARD**

Rule 11 of the Federal Rules of Civil Procedure requires that "at least one attorney of record" or an unrepresented party must sign "[e]very pleading, written motion, and other paper" filed with a federal court. Fed. R. Civ. P. 11. Further, Rule 11 explains what an attorney represents to the court when s/he signs a filing and provides for sanctions when a party violates the rule. In relevant part, Rule 11(b) reads as follows:

> **(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party

certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

**\* \* \***

> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . . .

Fed. R. Civ. P. 11(b).

The affirmative duties imposed by Rule 11 apply to all pleadings, written motions, and other papers submitted to a court. *See* Fed. R. Civ. P. 11(a); *Thomas v. Capital Sec. Servs.*, 836 F.2d 866, 870 (5th Cir. 1988) (en banc). Thus, when a litigant files a pleading or motion, he certifies that he has conducted a reasonable inquiry into both the facts and the law contained in the filing, and that to the best of his knowledge, information, and belief, the pleading, written motion, or other paper has adequate legal and factual support. *See* Fed. R. Civ. P. 11(b); *Childs v. State Farm Mut. Auto. Ins. Co.*, 29 F.3d 1018, 1023–24 (5th Cir. 1994).

In determining whether a litigant has violated Rule 11, courts apply an objective (rather than subjective) standard of reasonableness. *See id.* at 1024 (citing *United States v. Alexander*, 981 F.2d 250, 252 (5th Cir. 1993)). The conduct of the litigant is assessed at the time he submitted the offending pleading or motion. *Id.*; *see also Thomas*, 836 F.2d at 874–75 (citing Fed. R. Civ. P. 11 Advisory Comm. Notes). Rule 11 also authorizes the court, on its own initiative, to "impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation" when "after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated." Fed. R. Civ. P. 11(c)(1), (c)(3).

**DISCUSSION**

At the Show Cause Hearing on March 19, Jalen Harris acknowledged that he was the attorney who was primarily responsible for drafting the offending memorandum. He explained that when he started to outline the brief, he wanted to find cases from federal courts in Louisiana to support his legal propositions. Mr. Harris began by searching for relevant cases on Westlaw but admitted that he eventually resorted to ChatGPT. Mr. Harris took full responsibility for his misuse of generative A.I. and conceded that he did not check the citations that ChatGPT had provided, nor did he attempt to read the nine hallucinated cases that he cited in the brief. Mr. Harris is a young attorney who has been with the City Attorney's office since 2024. He appeared genuinely contrite and apologized to the Court more than once, in addition to assuring the Court that he would never make this mistake again. Using ChatGPT and failing to check the case citations it provides constitute not only a lapse in professional judgment, but also a violation of Federal Rule of Civil Procedure 11. Furthermore, Rule 11 implicitly requires that attorneys read the cases they cite in court filings to determine whether their arguments are supported by law. Applying an objective standard of reasonableness, the Court concludes that Mr. Harris undoubtedly violated this rule. That being said, the Court was also impressed by the forthright way in which Mr. Harris accepted accountability for his conduct.

Next, the Court heard from James Roquemore, who also apologized to the Court. Mr. Roquemore explained that as Mr. Harris's immediate supervisor, he reviewed Mr. Harris's brief before it was filed and made substantial revisions to other

4

sections of the memorandum. Mr. Roquemore acknowledged that he should have inquired further about the hallucinated cases cited in the memorandum, particularly because of the unusual formatting (the hallucinated cases were presented in bullet points), but he admitted that he failed to do so. Mr. Roquemore is a Deputy City Attorney, and as a supervising attorney, Mr. Roquemore has the important duty of ensuring that he and the attorneys who report to him read each cited case and check every citation before filing a motion or other pleading with a court. Moreover, Mr. Roquemore has been practicing law for roughly thirty years. Due to both his supervisory role and his extensive experience in the practice of law, the Court finds that he bears more responsibility for the violation of Rule 11 than Mr. Harris does.

The Court also heard from Mr. St. Raymond, Chief Deputy City Attorney, and newly appointed City Attorney Charline Gipson. First, it is important to note that Ms. Gipson was not enrolled in this case when the motion at issue was filed, and in fact, she was not sworn in to her new role as City Attorney until January 12, 2026, only three days before Defendants' motion was filed. The Court ordered her to appear because as City Attorney, her name was in the signature block on the pleading, and the Court wanted to find out how her office intended to address the now endemic and nationwide problem of attorneys' improper use of A.I.

Both Mr. St. Raymond and City Attorney Gipson outlined the actions the City Attorney's Office has taken to combat the future misuse of A.I. Specifically, the City Attorney's Litigation Division called a department-wide meeting immediately after the Court issued the Order to Show Cause in this matter, and Ms. Gipson and her

staff are currently in the process of developing a written policy concerning the use of generative A.I. in the City Attorney's Office. Further, Mr. Harris and Mr. Roquemore attended a Thomson Reuters seminar about proper and improper uses of A.I. in legal practice. Ms. Gipson also emphasized the importance of reading every single case that an attorney cites in a brief, and she discussed the importance not only of task leadership, but also, and more importantly, of people leadership.

Finally, it also came to the Court's attention on March 19 that Defendants had not served any of the filed motions on *pro se* Plaintiff Daniel Gentry, who also attended the hearing, nor had they filed certificates of service in the record. Based on the Court's order, Defendants served Mr. Gentry with all pending motions via email and by U.S. mail and filed a certificate of service in the record promptly after the hearing. (Rec. Doc. 23).

The Court acknowledges and appreciates the fact that the attorneys for Defendants graciously took accountability for the offending pleading and that they sincerely apologized to the Court. Furthermore, the Court recognizes that Mr. Harris is a relatively new attorney and that his supervisors bear some responsibility for not noticing the hallucinated citations, particularly considering that they were formatted in bullet points. Rule 11 requires that the Court provide due process, or notice and a hearing, before imposing sanctions for violations of Rule 11. Here, the Court issued the Order to Show Cause, which constituted notice for the hearing that was held on March 19. Therefore, the Court has complied with the due-process requirement and finds that defense counsel in this case violated Rule 11.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that under Federal Rule of Civil Procedure Rule 11, Jalen Harris is personally sanctioned for his conduct in this case in the amount of $250.00.

**IT IS FURTHER ORDERED** that James Roquemore is personally sanctioned in the amount of $1,000.00.

**IT IS FURTHER ORDERED** that the sanctions are to be paid by **5:00 p.m. on Wednesday, April 22, 2026**, to

> Clerk of Court
> U.S. District Court for the Eastern District of Louisiana
> 500 Poydras Street, Room C151
> New Orleans, Louisiana 70130

The Court has chosen not to impose a sanction on Corwin St. Raymond, but this Order should serve as a formal admonishment concerning the improper use of A.I. by the attorneys in his department.

New Orleans, Louisiana, this 20th day of March, 2026.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE